**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------

FRANCISCO GARCIA, *individually and on*
*behalf of all others similarly-situated*
75 Marshall Street
Paterson, NJ 07501

                    *Plaintiffs,*

    v.

M P PLASTIC PLUS INC
165-171 Gould Avenue
Paterson, NJ 07503

MOHEP MUHEISEN
165-171 Gould Avenue
Paterson, NJ 07503

MAHER MUHEISEN
165-171 Gould Avenue
Paterson, NJ 07503

IBRAHIM H. MUHEISEN
165-171 Gould Avenue
Paterson, NJ 07503

HUSAM H. MUHEISEN
165-171 Gould Avenue
Paterson, NJ 07503

                    *Defendants.*

---------------------------------------------------------------

CIVIL ACTION NO.: _____

**JURY TRIAL DEMANDED**

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

    Plaintiff Francisco Garcia ("Plaintiff") hereby brings this action against Defendants M P Plastic Plus Inc ("MP Plastic"), Mohep Muheisen, Maher Muheisen, Ibrahim H. Muheisen, and Husam H. Muheisen (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this complaint contending that Defendants unlawfully failed to pay him and other similarly situated individuals employed in the position of Packer or in other warehouse positions with substantially similar job duties overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*., as well minimum wages in violation of the NJWHL.

2.     Specifically, Plaintiff contends that Defendants paid him and other similarly-situated individuals on a day rate basis, regardless of how many hours they worked, and without paying overtime compensation for hours worked over forty (40) in a workweek.

3.     Plaintiff further contends that Defendants regularly paid him and other similarly-situated individuals a day rate amounting to less than the minimum wage required by NJWHL.

4.     Plaintiff also brings this action contending that Defendant MP Plastic violated his rights under the New Jersey Law against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1, *et seq.*, and the New Jersey Workers' Compensation Law ("NJWCL"), N.J.S.A. § 34:15-39.1 and New Jersey common law by, *inter alia*, discriminating against and ultimately terminating him because of his disability and because it regarded him as disabled, failing to accommodate his disability, and discharging him in retaliation for seeking to exercise his rights under the NJWCL.

5.     Plaintiff brings this action as a representative action under the FLSA and NJWHL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which

provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

7.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the State of New Jersey.

## PARTIES

10.     Plaintiff Francisco Garcia currently resides at 75 Marshall Street, Paterson, NJ 07501.

11.     Upon information and belief, M P Plastic Plus Inc. is a business corporation organized and existing under the laws of the State of New Jersey with a headquarters at 165-171 Gould Avenue, Paterson, NJ 07503.

12.     Upon information and belief, M P Plastic Plus Inc. was incorporated on or around January 8, 2018 by Maher Muheisen, with himself and Defendants Mohep Muheisen, Ibrahim H. Muheisen, and Husam H. Muheisen serving as directors.

13.     Upon information and belief, M P Plastic Plus Inc. operates the business location at 163-171 Gould Avenue, Paterson, NJ 07503 formerly owned and operated by M.P. Plastic LLC, at which Plaintiff and Class Plaintiffs were employed.

14.     Defendants are employers and an enterprise engaged in commerce and are covered by the FLSA.

15.    Upon information and belief, Defendants Mohep Muheisen, Maher Muheisen, Ibrahim H. Muheisen, and Husam H. Muheisen maintain operational control over Defendant MP Plastic, exercising joint control, both directly and indirectly, over the terms and conditions of employment, hiring, firing, job assignments, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant MP Plastic, including, but not limited to, Plaintiff and Class Plaintiffs.

16.    During the course of their employment with Defendants, Plaintiff and Class Plaintiffs are/were engaged in commerce within the meaning of the FLSA.

17.    Defendant MP Plastic is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) engaged in commerce within the meaning of the FLSA.

18.    Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

19.    At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.    Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

22.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Packer or in warehouse positions with substantially similar job duties who were paid on a day rate basis and were denied overtime compensation at their regular rate of pay for hours worked over forty (40) in a workweek in violation of the FLSA ("Class Plaintiffs").

23.     Plaintiff estimates that there are approximately twenty (20) similarly situated Class Plaintiffs who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek in violation of the FLSA.  The precise number of employees can be easily ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and personnel records.  Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

24.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the Class Plaintiffs are similarly situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their

"regular rate" for all hours worked over forty (40) hours in a workweek have affected Class Plaintiffs in the same fashion.

25.    Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## NJWHL CLASS ACTION ALLEGATIONS

26.    Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27.    Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals presently or formerly employed by Defendants in the position of Packer or in warehouse positions with substantially similar job duties at any point during the last three (3) years who were paid on a day rate basis and were: (a) denied overtime compensation at 1.5 times their "regular rate" of pay for all hours worked over forty (40) in a workweek; and/or (b) denied minimum wages in violation of the NJWHL ("Class Plaintiffs").

28.    The members of the class as so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this class action by direct mail.

29.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

a.    Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the NJWHL;

b.    Whether Plaintiff and the Class received day rate compensation at a rate less than the minimum wage required under the NJWHL;

c.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

d.      Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

e.      Whether Defendants willfully violated the NJWHL; and

f.      Whether Plaintiff and the Class are entitled to liquidated damages under the NJWHL.

30.    Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendants who was employed in the day rate position of Packer and who has suffered similar injuries as those suffered by the Class members as a result Defendants' failure to pay overtime compensation and minimum wages.  Defendants' conduct of violating the NJWHL has affected Plaintiff and the Class in the exact same way.

31.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

32.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

33.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

a.      the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would have the potential to establish incompatible standards of conduct for Defendants;

b.      Defendants, by paying Plaintiff and Class Plaintiffs on a day rate basis at rates less than the minimum wage without paying overtime compensation, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

c.      the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

34.     A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the Class to protect their interests.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S INDIVIDUAL AND COLLECTIVE/CLASS ACTION CLAIMS FOR UNPAID OVERTIME COMPENSATION AND MINIMUM WAGES**

35.     Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36.     Plaintiff Francisco Garcia first began his employment with Defendants in or around January 2003, when he was hired as a Packer at Defendants' prior business location at 14 Florida Avenue, Paterson, NJ 07503.

37.     In or around 2017, Plaintiff and, upon information and belief, Class Plaintiffs were relocated to Defendants' current business location at 163-171 Gould Avenue, Patterson, NJ 07503.

38.     Throughout the course of his employment with Defendants, Plaintiff was paid on a day rate basis.

39.     Upon information and belief, Class Plaintiffs were and are paid on a day rate basis.

40.     Throughout the course of his employment with Defendants, Plaintiff was classified as "non-exempt" from overtime compensation under the FLSA and NJWHL.

41.     Upon information and belief, Class Plaintiffs were and are classified as "non-exempt" from overtime compensation under the FLSA and NJWHL.

42.     Plaintiff's and, upon information and belief, Class Plaintiffs' primary job duties consisted of manual labor, primarily packing plastic bags in Defendants' warehouse.

43.     Plaintiff and, upon information and belief, Class Plaintiffs, were paid on a day rate basis, rather than a salary or fee basis, and thus categorically did not/do not qualify for the executive, administrative, or professional exemptions from overtime compensation.

44.     Additionally, Plaintiff, and, upon information and belief, Class Plaintiffs, did not/do not perform managerial duties, customarily and regularly direct the work of two (2) or more full-time employees, or have the authority to hire, fire, or make recommendations with respect to the employee status changes to which Defendants gave/give considerable weight.

45.     Accordingly, Plaintiff and Class Plaintiffs did not/do not qualify for the exemption for executive employees under the FLSA/NJWHL.

46.     In undertaking their tasks, Plaintiff and Class Plaintiffs did not/do not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead performed their job duties subject to specific instructions and/or guidelines provided by Defendants.

47.     Plaintiff's and Class Plaintiffs' primary job duties did not/do not include the performance of non-manual or office work requiring advance knowledge and the consistent exercise of discretion and judgment.

48.     Accordingly, Plaintiff and Class Plaintiffs did not/do not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/NJWHL.

49.     Finally, there are no other exemptions under the FLSA and/or NJWHL which could arguably be applicable to Plaintiff or Class Plaintiffs.

50.     Accordingly, Plaintiff and Class Plaintiffs were/are within the meaning of the FLSA and NJWHL, non-exempt employees of Defendants.

51.     Plaintiff and, upon information and belief, Class Plaintiffs regularly worked six (6) twelve (12) hour days per week, amounting to approximately seventy-two (72) hours per week, if not more.

52.    Despite thus working approximately thirty-two (32) hours of overtime per week, Plaintiff and, upon information and belief, Class Plaintiffs were not/are not paid overtime compensation at one and a half (1.5) times their regular rate of pay.

53.    Rather, Plaintiff and, upon information and belief, Class Plaintiffs merely received the same day rate compensation for each full day worked.

54.    For example, during the workweek of February 17, 2020 to February 23, 2020, Plaintiff Francisco Garcia worked six (6) twelve (12) hour days for approximately seventy-two (72) hours.

55.    However, despite working approximately thirty-two (32) hours of overtime that workweek, Plaintiff only received a day rate of $100 per day, with no overtime compensation, for a total of $600 that week and an effective hourly rate of $8.33.

56.    The applicable minimum wage for Plaintiff and Class Plaintiffs under the NJWHL was $8.60 in 2018, $10.00 in 2019, and $11.00 in 2020.

57.    During the last three (3) years of his employment, Plaintiff received a day rate of $100 per day, which, because of his twelve (12) hour workdays, amounted to at least $0.27, $1.67, and $2.67 less than the required minimum wages in New Jersey in 2018, 2019, and 2019, respectively.

58.    Upon information and belief, during the relevant time period, Class Plaintiffs received day rates comparable to Plaintiff and worked similar twelve (12) hour shifts, and were thus similarly denied minimum wages under the NJWHL.

59.    Defendants failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their "regular rate" of pay for each hour they worked in excess of forty (40) hours in a workweek.

60.    As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S DISCRIMINATION/WRONGFUL DISCHARGE CLAIMS

61.    Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.    On or around February 22, 2020, Plaintiff was operating a machine within the course and scope of his duties for Defendants when the machine fell and severely cut his finger.

63.    Plaintiff immediately reported the accident to his supervisor, who called an ambulance for Plaintiff.

64.    Plaintiff was transported to the hospital and informed his treating health care providers that his injury had occurred on the job.

65.    At the hospital, Plaintiff was initially informed that he would likely need at least three (3) weeks to a month off from work to recover from his injury, which would require physical therapy and potentially surgery.

66.    Plaintiff was informed that if he did not obtain treatment for his hand injury, he could remain incapacitated for an extended period of time.

67.    Plaintiff's doctor later extended his medical leave for an additional three (3) weeks.

68.    Throughout this time, Plaintiff maintained in contact with Defendant MP Plastic, informing them of his diagnosis and work limitations, need for medical leave and treatment, and expected return date.

69.     Although Defendant MP Plastic initially told Plaintiff that they would get back to him about having him return to work, they never did, despite Plaintiff calling Defendant MP Plastic multiple times to tell them he was ready to return to work.

70.     Defendant MP Plastic eventually stopped returning Plaintiff's calls.

71.     Accordingly, it is believed and therefore averred that Defendant MP Plastic terminated Plaintiff's employment and replaced him with a non-disabled individual.

72.     Plaintiff's hand injury constituted a physical impairment which substantially limited Plaintiff in several major life activities including, but not limited to, performing manual tasks and working.

73.     Plaintiff promptly notified Defendant MP Plastic about his injury and the time he needed to heal and obtain treatment.

74.     Plaintiff requested a brief medical leave of absence from work in order to recover from his disabling injury and indicated he would be seeking medical treatment for his work-related injury.

75.     Rather than engage in an interactive process with Plaintiff to ascertain whether Defendant MP Plastic could accommodate Plaintiff's disability by providing light duty or a reasonable medical leave of absence, Defendants chose to fire Plaintiff.

76.     Accordingly, it is believed and therefore averred that Defendant MP Plastic terminated Plaintiff's employment because of his disability, because it regarded Plaintiff as disabled, and/or because of his past record of impairment in violation of the NJLAD.

77.     It is further averred that Defendant MP Plastic wrongfully discharged Plaintiff's employment for attempting to exercise his rights under the New Jersey Workers' Compensation

Law, and/or because it believed Plaintiff intended to file a workers compensation claim petition, to seek wage loss benefits, and/or to seek medical reimbursement for his treatment.

78.     Plaintiff was capable of performing the essential functions of his job with or without a reasonable accommodation, including, but not limited to, light duty and/or a reasonable medical leave of absence.

79.     Defendant MP Plastic failed to provide Plaintiff with a reasonable accommodation for his disability and failed to engage in the interactive process to determine such reasonable accommodations.

80.     As a result of Defendant MP Plastic's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION
### (Against All Defendants)

81.     Paragraphs 1 through 80 are hereby incorporated by reference as though the same were fully set forth at length herein.

82.     Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

83.     As detailed above, Defendants unlawfully failed to pay Plaintiff and Class Plaintiffs overtime compensation.

84.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

85.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

86.     Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C.  216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as a Packer or in other warehouse positions with substantially similar job duties and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay Plaintiff and Class Plaintiffs overtime compensation at a rate of 1.5 times their regular rate of pay;

E.    Awarding Plaintiff and Class Plaintiffs overtime wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**
**<u>& MINIMUM WAGES</u>**
**<u>(Against All Defendants)</u>**

87.    Paragraphs 1 through 86 are hereby incorporated by reference as though the same were fully set forth at length herein.

88.    The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees.  <u>See</u> N.J.S.A. 34:11-56a4.

89.     The NJWHL further provides that employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek.  See N.J.S.A. 34:11-56a4.

90.     By its actions alleged above, Defendants have violated the provisions of the NJWHL by failing to properly pay overtime compensation and minimum wages to Plaintiff and Class Plaintiffs.

91.     As a result of Defendants' unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation and minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation and minimum wages to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the New Jersey Wage and Hour Law; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

**COUNT III**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1, *et seq.***
**DISCRIMINATION & RETALIATION**

<u>**(Against Defendant MP Plastic Only)**</u>

92.    Paragraphs 1 through 91 are hereby incorporated by reference as though the same were fully set forth at length herein.

93.    At all times relevant hereto, Plaintiff was an employee of Defendant MP Plastic within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

94.    Plaintiff is a qualified individual with a disability within the meaning of the LAD.

95.    Defendant MP Plastic was aware of Plaintiff's disability, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the LAD.

96.    Upon information and belief, Plaintiff has since been replaced by a non-disabled individual.

97.    By reason of the foregoing, Defendant MP Plastic, through its agents, officers, servants, and/or employees has violated the LAD by discharging Plaintiff because of his disability, his record of disability/impairment, because it regarded him as being disabled within the meaning of the ADA, and/or in retaliation for requesting a reasonable accommodation for his disability.

98.    As a result of Defendant MP Plastic's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant MP Plastic, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant MP Plastic, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.      Pre-judgment interest in an appropriate amount; and

F.      Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## NEW JERSEY WORKERS' COMPENSATION LAW/COMMON LAW
### N.J. Stat. § 34:15-39.1
### RETALIATION AND WRONGFUL DISCHARGE
### (Against Defendant MP Plastic Only)

99.      Paragraphs 1 through 98 are hereby incorporated by reference as though the same were fully set forth at length herein.

100.      Under the New Jersey Workers' Compensation Law, employers are prohibited, *inter alia,* from discharging or discriminating against an employee with respect to his or her employment because such employee has claimed or attempted to claim workers' compensation benefits.  See N.J. Stat. § 34:15-39.1.

101.      The New Jersey Supreme Court has recognized a common law cause of action for wrongful discharge against employers who discharge an employee in violation of N.J. Stat. § 34:15-39.1.

102.      It is believed and therefore averred that Defendant MP Plastic, thorough its duly authorized agents, officers, servants and/or employees, violated the New Jersey Workers'

19

Compensation Law and New Jersey public policy by terminating Plaintiff's employment in retaliation for claiming or attempting to claim workers' compensation benefits.

103.    It is believed and therefore averred that Defendant MP Plastic unlawfully utilized Plaintiff's seeking of workers' compensation benefits (including, but not limited to medical treatment and potential wage loss benefits) as a negative factor in its decision to terminate Plaintiff's employment.

104.    As a result of Defendant MP Plastic's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant MP Plastic, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.    Compensatory, exemplary, and/or punitive damages;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   /s/ Michael Groh
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawer.com
Attorneys for Plaintiff

Dated: October 8, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.